**LEAGUE OF WOMEN VOTERS OF FLORIDA et al., Plaintiffs,**

v.

**Kenneth W. DETZNER, etc., et al., Defendants.**

**No. 4:11cv628–RH/WCS.**

United States District Court, N.D. Florida, Tallahassee Division.

Aug. 6, 2012.

Abigail Emily Parent, Kendall Coffey, Coffey Burlington, Julie A. Ebenstein, Randall C. Marshall, ACLU of Florida, Miami, FL, Diana Kasdan, Farrah Robyn Berse, Paul Weiss Rifkind etc., Lee Berkley Rowland, Mimi Murray Digby Marziani, Wendy Robin Weiser, New York City, NY, Zachary Alan Dietert, Paul Weiss Rifkind etc. LLP, Washington, DC, for Plaintiffs.

Ashley E. Davis, Daniel Elden Nordby, Florida Department of State, Blaine H. Winship, Office of the Attorney General, Tallahassee, FL, for Defendants.

### *ORDER DENYING LEAVE TO INTERVENE*

ROBERT L. HINKLE, District Judge.

This case presents a challenge to Florida Statutes § 97.0575, as amended in 2011, and to an implementing rule, Florida Administrative Code Rule 1S–2.042. The statute and rule regulate organizations that conduct voter-registration drives. The plaintiffs are organizations that have conducted such drives in the past and wish to continue to do so. The defendants are officials of the State of Florida in their official capacities.

The plaintiffs filed this action on December 15, 2011. They filed on December 19, 2011, a motion for a preliminary injunction barring enforcement of the statute and rule. After

discovery, briefing, and a hearing, an order was entered on May 31, 2012, granting a preliminary injunction. On July 2, 2012, the defendants filed a timely notice of appeal.

Meanwhile, on June 27, 2012, more than six months after the filing of the preliminary-injunction motion, four individuals filed a motion for permissive intervention under Federal Rule of Civil Procedure 24(b). The four individuals do not conduct voter-registration drives and do not have any interest that will be affected by this litigation other than precisely the same interest as every registered voter in the state. The four individuals say that if people are improperly registered to vote, it will dilute the votes of properly registered voters, including the four individuals. That of course is true; an improper vote dilutes a proper one. But the motion to intervene is rife with hyperbole and assertions that are unsupported by the record. The motion even overstates the holding of the order granting a preliminary injunction. The motion gives little confidence that the four individuals will contribute to the effort to resolve this case accurately in accordance with the facts and law.

The motion to intervene said its primary purpose was to allow the four individuals to appeal the preliminary injunction. The motion said the defendants were unlikely to appeal. But now the defendants *have* appealed. Even so, the four individuals say—in a reply memorandum that this order grants leave to file and that has been fully considered—that the defendants will not vigorously pursue the appeal and instead are talking settlement with the plaintiffs. That may be, but there is little reason to believe the defendants will not vigorously pursue or abandon the appeal precisely as appropriate in light of their conscientious assessment of the law and the likely outcome of the litigation. The defendants are, after all, officials of the State of Florida. Whatever might be said of the litigation stance of public officials generally, the State of Florida has recently—repeatedly—shown little reluctance to pursue litigation on matters of this kind; the state is no shrinking violet. That the four individuals must challenge the state's willingness to ag-

gressively litigate is perhaps all one need say about the individuals' own position.

I have considered all the circumstances and the governing law. *See, e.g., Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir.1993) ("This court will presume that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention." (citations omitted)); *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir.1991) (noting the breadth of a district court's discretion to grant or deny permissive intervention and upholding the denial of intervention based on the delay in moving to intervene); *Chiles v. Thornburgh*, 865 F.2d 1197, 1215 (11th Cir.1989) (upholding a district court's denial of permissive intervention to parties whose interests were identical to those of a governmental defendant); *see also Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324, 1330 (11th Cir.2007) (addressing an intervenor's need for standing).

I conclude, as a matter of discretion, that the four individuals should not be granted leave to intervene. Among the considerations supporting the decision are these: the four individuals have only the same interest in the issues as any other registered voter; the four individuals waited more than six months, until after entry of the preliminary injunction, to seek to intervene; intervention would interfere with the ability of the parties—the entities with the greatest stake in the litigation—to control the litigation and to have the issues resolved in the most just, speedy, and inexpensive manner possible, *see* Fed.R.Civ.P. 1; the defendants can and will adequately represent the interest of the state's voters, including the four individuals; and the tenor of the motion to intervene suggests the four individuals may impede, rather than contribute to, the reasoned determination of the action.

In reaching this decision, I have not overlooked *Meek v. Metropolitan Dade County, Florida*, 985 F.2d 1471 (11th Cir.1993), *abrogated on other grounds by Dillard*, 495 F.3d 1324. *Meek* was a challenge to at-large voting for a county commission. The Eleventh

Circuit held that the district court should have allowed individuals to intervene for the purpose of appealing a judgment sustaining the challenge. The individuals' own voting rights were at stake; their claim was that the district court's decision would deny the individuals' own rights. The Eleventh Circuit said the county was not an adequate advocate for the at-large system and said the individuals should have been allowed to intervene to protect their own rights.

This case is different. The four individuals who seek to intervene have no right to prevent others from conducting voter-registration drives. The four individuals have no right to make it harder for other qualified applicants to register to vote. The four individuals have no right to require voter-registration organizations to turn in applications in person rather than by mail or to do so in the very narrow time frame—sometimes perhaps three minutes or less—required (in effect) by the challenged statute and rule. The four individuals have a right not to have their own votes diluted, but nobody proposes to allow unqualified individuals to register to vote; no ruling will be made authorizing any such thing. In short, the four individuals propose to advocate for a statute and rule they had no right to have enacted in the first place, and they seek to do so based only on what they say—without record support—will be the secondary effects of not upholding the statute and rule. This is not at all like the situation in *Meek*.

Moreover, while a county might not have a strong interest either way in whether commissioners are elected at large or in single-member districts, the same cannot be said of the state's interest in preventing the registration of unqualified voters. Just because a governmental entity is not *always* an adequate representative of a position does not mean a governmental entity is *never* an adequate representative. Here the defendants can be relied upon to adequately defend the challenged statute and rule—at least to the point where they determine on the merits that the statute and rule are indeed invalid—and there are other grounds for denying intervention as well.

It bears noting, too, that the four individuals have not acknowledged—or said they are willing to proceed in the face of—the very real possibility that if they intervene and carry this litigation forward after the defendants choose not to, and if the plaintiffs prevail as the order granting a preliminary injunction concludes they likely will, the law might allow a substantial award of attorney's fees against the four individuals. *See* 42 U.S.C. § 1988. This is not a basis for denying intervention. But if I had determined that intervention would otherwise be appropriate, before granting it I would have confirmed on the record that the four individuals understood the possible consequences. They should perhaps be careful what they wish for.

The four individuals will be welcome to file amicus briefs in this court as legal issues are presented for decision, so long as they hew faithfully to the record and make reasoned arguments under the law. But they will not be allowed to intervene.

For these reasons,

IT IS ORDERED:

The motion for leave to file a reply memorandum, ECF No. 75, is GRANTED. The motion for leave to intervene, ECF No. 63, is DENIED.